IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Fredric Nelson, | ) | |
| | ) | Civil Action No. 4:14-cv-803 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

      The plaintiff, Fredric Nelson ("Nelson"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 19).[1] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Nelson has filed objections to the Report (ECF No. 21), and the Commissioner has responded to those objections (ECF No. 24). Accordingly, this matter is now ripe for review.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## BACKGROUND

Nelson applied for DIB and SSI on August 18, 2008, alleging disability beginning on October 1, 2007. Nelson's application was denied initially and on reconsideration. On July 25, 2012, an Administrative Law Judge ("ALJ") heard testimony from Nelson and a vocational expert. On December 27, 2010, the ALJ issued a decision denying Nelson's claim.

Nelson sought review of his case by the Appeals Council. On July 28, 2012, the Appeals Council remanded the case so that the ALJ could evaluate Nelson's mental health impairments. On November 2, 2012, the ALJ held another hearing; at which Nelson and a vocational expert testified. On January 4, 2013, the ALJ issued a second decision denying Nelson's claim. In his decision, the ALJ found that Nelson suffered from the following severe impairments: degenerative disc disease with history of fusion and possible mild left radiculitis. (ECF No. 7-2 at 15). The ALJ found that, despite Nelson's limitations, he is capable of performing past relevant work as a cashier. (ECF No. 7-2 at 23). Nelson sought review of his case by the Appeals Council. This time the Appeals Council denied Nelson's request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review,

the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

Nelson's objections mostly reiterate the same arguments that he made before the magistrate judge.[2] *See Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (stating that "a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review" (citation omitted)).  Nelson bases most of his arguments on the ALJ discounting the weight afforded to his treating physician and a physician assistant.  (ECF No. 21 at 3, 4).  They opined that they believed Nelson to be disabled.  The inquiry before the court is not whether the ALJ should have given greater weight to those opinions, but rather whether the weight given to those opinions by the ALJ is supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *see also Craig*, 76 F.3d at 589 (stating that the court does no "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]").  The court finds that the ALJ properly considered the opinions, and substantial evidence supports the weight

---

[2] Nelson's objections incorrectly refer to the magistrate judge as the "defendant."  *See* (ECF No. 21).

afforded to those opinions. *See Johnson v. Barnhart*, 434 F.3d 650, 656 n.8 (4th Cir. 2005) (stating that ALJ can give lesser weight to a treating physician's opinion when it conflicts with other medical evidence or when it represents a change in opinion without a change in diagnosis); *see also* 20 C.F.R. § 404.1527(d)(1) (indicating that opinions about whether a claimant is "disabled" or "unable to work" are specifically reserved to the Commissioner). Moreover, Nelson has failed to show that the medical records supported the administrative opinions of his treating physician or the physician assistant. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (stating that the claimant has the burden of proving he suffers from a "medically determinable impairment").

Nelson next claims that the magistrate judge erred by not considering all of his impairments. (ECF No. 21 at 3–4). The court finds that the ALJ considered the combined effects of all of Nelson's impairments. (ECF No. 7-2 at 14, 15, 23). In any event, Nelson has failed to show that any error as to the ALJ's consideration of his impairments was any different than considering the impairments alone. *See Lockwood v. Colvin*, No. 8:12-CV-02930-DCN, 2014 WL 995072, at *3 (D.S.C. Mar. 13, 2014) ("The combined effect of a severe impairment and an impairment that causes no functional limitation is no different than the effect of the severe impairment alone.").

Nelson next contends that the magistrate judge erred by discrediting Dr. Stewart's opinion based on the timing of the opinion, while the magistrate judge gave great weight to an opinion during that time period. (ECF No. 21 at 5–6). The ALJ weighed the two medical opinions differently due to their consistency with the medical record. *See* (ECF No. 7-2 at 19, 20, 22). The court finds that the differing weights are supported by substantial evidence. In sum, the court finds that the remaining objections asserted by Nelson rehash arguments made to

the magistrate judge and were adequately addressed in the well-reasoned and well-written Report.

## CONCLUSION

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Nelson's impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Nelson's arguments and properly addressed each in turn, finding them without merit. The court finds no basis for disturbing the Report. Accordingly, the court adopts the Report and its recommended disposition. Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 25, 2015